### Ex parte Lorenzo Rivera, peticionario.

No. 92.—*Visto:* Noviembre 30, 1925. *Resuelto:* Diciembre 11, 1925.

Porteadores (*Carriers*)—En General—Control y Reglamentación de los Porteadores Públicos—Penas por Violación a los Reglamentos.—De acuerdo con el artículo 95 de la Ley definiendo las compañías de servicio público.

tal como quedó enmendado en 1921 (p. 185), las multas que pueden imponerse—para corregir la infracción de cualquiera de las disposiciones de dicha ley de servicio público—tienen un carácter administrativo y no penal.

Sentencia de *A. Acosta Quintero*, J. (Ponce), condenando al acusado por infracción del Reglamento de la Comisión de Servicio Público de junio 3, 1924, a sufrir prisión subsidiaria a falta del pago de la multa impuesta. *Con lugar el habeas corpus.*

*R. Arjona Siaca*, abogado del peticionario; *José E. Figueras*, abogado de *El Pueblo.*

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Lorenzo Rivera fué acusado por infringir la regla primera del Reglamento aprobado en junio 3, 1924, por la Comisión de Servicio Público y condenado a pagar cincuenta dólares de multa o en su defecto a sufrir un día de cárcel por cada dólar que dejase de satisfacer.

El peticionario fué reducido a prisión por no satisfacer la multa y ha presentado esta apelación de *habeas corpus* alegando, en síntesis, que su prisión es ilegal porque la infracción de que se trata no está prevista y penada por ningún precepto legal y la corte inferior carecía, por tanto, de jurisdicción para dictar la sentencia que le declaró culpable y le impuso la pena alternativa de multa o cárcel.

La regla 1ª del Reglamento a que se refiere la acusación y sentencia, dice lo siguiente:

"A partir del primero de julio, 1924, toda persona natural o jurídica, sus arrendatarios o administradores judiciales, dedicada por lucro al transporte de pasajeros y sus equipajes, en Puerto Rico, usando vehículos de motor, será considerada como porteador público de pasajeros, y como tal no podrá dedicarse a dicho transporte entre puntos fijos, o a lo largo de rutas determinadas, sin antes haber obtenido un certificado de necesidad y conveniencia para la explotación de dichos servicios, expedido por la Comisión de Servicio Público."

Y la única sanción por faltar a dicha regla, se establece en el artículo 95 de la ley definiendo las compañías de ser-

vicio público, tal como fué enmendado por la Ley No. 32, aprobada en junio 20, 1921, p. 185, el cual textualmente dice:

"Art. 95.—*Pena por infracción de ley o de franquicia.*—Si cualquier compañía de servicio público infringiere cualquiera de las disposiciones de esta Ley, o realizare cualquier acto que por la presente se prohibe; o dejare, omitiere, desatendiere .o se negare a desempeñar cualquier deber a que está obligada por esta Ley; o dejare, omitiere, desatendiere o se negare a obedecer, observar y cumplir cualquier disposición, requisito, determinación u orden final que hubiere dictado la comisión; o si dejare de cumplir cualquier sentencia pronunciada, u orden o decreto expedido por cualquier corte, dicha compañía de servicio público pagará al Tesorero de Puerto Rico una suma no menor de cincuenta (50) dólares ni mayor de mil (1,000.) dólares por dicha infracción, omisión, falta, desatención o negativa. Y cualquier compañía de servicio público que dejare de cumplir cualesquiera o cualquiera de las obligaciones que le .fueren impuestas por la franquicia, incurrirá en una multa de quinientos (500) a cinco mil (5,000) dólares, que deberá ser impuesta por la comisión por cada infracción de franquicia, en un procedimiento de carácter sumario, que podrá iniciarse en virtud de orden expedida al efecto, *motu propio* o a moción de cualquier persona que establezca por escrito la querella. En casos de reincidencia, la multa que se imponga no bajará de mil (1,000) dólares y la comisión podrá cancelar la franquicia, debiendo el Pueblo de Puerto Rico sustituir a la concesionaria en los privilegios y obligaciones de dicha franquicia.

"El montante de toda multa impuesta de acuerdo con este Artículo, deberá ser satisfecho dentro de los treinta (30) días de haber sido notificada la compañía multada, o dentro de una prórroga que por causa justificada podrá conceder la comisión; *Disponiéndose,* que si la multa en cuestión no fuere satisfecha a su debido tiempo, será ello causa suficiente para que se ordene la cancelación de la franquicia, y la cantidad adeudada por concepto de multa podrá recobrarse en la acción entablada a nombre de El Pueblo de Puerto Rico ante la Corte de Distrito competente, cuyo tribunal queda investido con jurisdicción exclusiva para oir y resolver todo procedimiento en cobro de multas.

"Al interpretar y hacer cumplir las disposiciones de este Artículo, la infracción, omisión, falta, negligencia o negativa de cualquier oficial, agente u otra persona que actuare o estuviere empleada por dicha compañía de servicio público, actuando dentro de la

esfera de su cargo, se considerará en todo caso que es la infracción, omisión, negligencia o negativa de dicha compañía de servicio público.''

Basta la simple lectura del precepto para que digamos que el peticionario tiene razón. En él se prescribe, en todo lo que concierne a las compañías de servicio público, la forma de corregir la infracción de cualquiera de sus disposiciones. Se determinan las multas y su cuantía y se hace mención de un procedimiento sumario para cobrarlas. Todo ello indica que las multas que pueden imponerse tienen un carácter administrativo y no penal. La corte inferior no pudo ir más allá de lo que establece el estatuto mismo y dar a la multa un efecto criminal. La prisión es una pena aflictiva que es consecuente al delito, y es elemental en materia penal que ningún hecho puede ser perseguido y castigado a menos que esté expresamente previsto y penado en la ley. Art. 5 del Código Penal.

*Por lo expuesto, debe declararse con lugar la petición y ponerse en libertad al peticionario.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.