## Ex parte Lorenzo Rivera, peticionario.

No. 92.—*Visto:* Diciembre 23, 1925. *Resuelto:* Abril 7, 1926.

1. COMISIONES DE SERVICIO PÚBLICO—PRECEPTOS ESTATUTORIOS—INTERPRETACIÓN— EN GENERAL.—El artículo 99 de la Ley No. 70 de 1917 (1917 (2) p. 541) no es de aplicación a las violaciones de las reglas y reglamentos generales que dicta la Comisión de Servicio Público en virtud de la autoridad que le concede el artículo 48 de la misma ley (p. 511) limitándose única y exclusivamente a desacatos.

2. DERECHO PENAL—NATURALEZA Y ELEMENTOS DEL DELITO Y DEFENSAS EN GENERAL—DE LA APLICACIÓN DE LA LEY EN GENERAL.—Para declarar que un acto equivale a un delito debe existir mandato estatutorio para ello, pues nadie puede ser objeto de una penalidad a menos que exista esa declaración expresa en la ley y no por implicación o interpretación de la misma.

3. COMISIONES DE SERVICIO PÚBLICO—PRECEPTOS ESTATUTORIOS—INTERPRETACIÓN— ORDENES FINALES DE LA COMISIÓN.—A las órdenes finales de la Comisión— las que pueden definirse como el resultado de una cuestión sometida a su consideración y que debe notificarse en la manera provista a las partes afectadas por la misma como si se tratara de una sentencia final de una corte— es a las que alcanza el artículo 99 de la Ley 70 de 1917 (2) p. 541) en caso de su desobediencia.

4. COMISIONES DE SERVICIO PÚBLICO — REGLAS Y REGLAMENTOS — SU INFRACCIÓN COMO DELITO.—No prescribiendo la ley definiendo las compañías de servicio

público que la infracción de las reglas o reglamentos dictados por la Comisión de Servicio Público equivaldría a un delito, las reglas y reglamentos mismos serían y son ineficaces para crear tal delito.

RESOLUCIÓN del Tribunal Supremo de diciembre 16, 1925, sobre nueva vista en el caso arriba intitulado, a fin de discutir con más amplitud las cuestiones envueltas en este caso. *Ratificada la resolución de diciembre 11, 1926.*

*Arjona & Arjona,* abogados del peticionario; *Hon. George C. Butte, Attorney General, C. Llauger Díaz* y *José E. Figueras,* abogados de *El Pueblo.*

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Lorenzo Rivera fué excarcelado a virtud de una petición de *habeas corpus* que originalmente se presentó ante esta Corte Suprema. La opinión y sentencia se dictaron en diciembre 11, 1925, y se sostuvo que la corte inferior actuó sin jurisdicción al imponerle al acusado una multa de cincuenta dólares y en su defecto cárcel por infracción de la regla 1ª del reglamento de la Comisión de Servicio Público, aprobado en junio 30, 1925.

La acusación consistió en haber operado el acusado un automóvil-guagua, entre puntos fijos, en la ciudad de Ponce, mediante lucro, sin antes haber obtenido un certificado de necesidad y conveniencia expedido por la Comisión de Servicio Público para la explotación del negocio. El fundamento de nuestra decisión 34 D.P.R. 773, descansó en que la única sanción prevista por las reglas y reglamentos de la Comisión se establece en el artículo 95 de la Ley No. 70 definiendo las compañías de servicio público etc., aprobada en diciembre 6, 1917 (2) p. 539), tal como fué enmendado por la Ley No. 32, aprobada en junio 20, 1921, p. 185, siendo su aplicación de carácter administrativo y no penal.

No pareció necesario entonces hacer un estudio más extenso de la ley aplicable, ya que por otra parte el Fiscal, en el acto de la vista, se allanó de plano a la solicitud del peticionario, por los motivos expresados en nuestra opinión. No obstante, como en el reglamento aprobado por la Comi-

sión en junio 3, 1924, la regla XVI indica como penalidad
aplicable la del artículo 99 de la Ley No. 70 (p. 541), a pe-
sar de que al final del reglamento bajo el epígrafe de
"Sanción penal" se copia textualmente el artículo 95 de la
misma ley y no el 99, parecía conveniente en vista de esa
contradicción y de las diferencias de criterio entre el Fiscal
y el Attorney General, como veremos más adelante, que se
discutiera con más amplitud el asunto; por lo que este tri-
bunal dictó la siguiente resolución:

"Oigase a las partes sobre la influencia que pueda tener en la
consideración y resolución de la cuestión envuelta en este caso el
artículo 99 de la Ley No. 70 de 1917 y cualquier otro de la misma
que con él se relacione, y para ello se señala el 23 de diciembre ac-
tual a las 2 p. m. Notifíquese."

Celebrada la nueva comparecencia, tanto el Fiscal como
el Attorney General sostuvieron puntos de vista opuestos,
sometiéndose además alegatos escritos por todas las partes
interesadas.

El fiscal sostiene en resumen que no debe modificarse
nuestra sentencia de diciembre 11, 1925, porque el artículo
99 de la Ley No. 70, "Definiendo las compañías de servicio
público" etc., aprobada en diciembre 6, 1917, no "establece
penalidad alguna por infracción a las reglas y reglamen-
tos, sino penalidad por desobediencia a una orden final de
la Comisión, o de cualquier Corte de Distrito, o lo que es lo
mismo, establece penalidad por desacato, lo que en cuanto
a las cortes insulares es superfluo ya que ellas tienen el po-
der inherente para castigar, además de la ley especial que
así lo define y lo castiga."

El artículo 99 dice:

"*Pena por infracción de órdenes de la corte.*—Toda persona, ya
sea oficial, agente, o empleado de cualquier compañía de servicio
público o de cualquier compañía que a sabiendas faltare, omitiere,
fuere negligente o se negare a obedecer a observar y cumplir cual-
quier orden final, disposición o requisito de la Comisión o de cual-
quier orden final o decreto de la predicha Corte de Distrito de San

Juan, Sección Primera, o de cualquier otra corte, o que a sabiendas procurare, ayudare o permitiere cualquier infracción, omisión, falta, negligencia o negativa antedicha, será culpable de delito menos grave (*misdemeanor*), y convicto que fuere en cualquier corte de registro, será penada con multa que no exceda de quinientos (500) dólares o prisión por no menos de un mes ni más de doce meses, o ambas penas, a juicio de la corte; y al ser convicto de cualquier falta subsiguiente será castigado con multa que no exceda de mil (1,000) dólares, o prisión por no menos de tres ni más de dieciocho meses, o ambas penas, a juicio de la corte.''

La ley definiendo las compañías de servicio, etc., que decretó la legislatura en 1917 ( (2) p. 433), parece que fué tomada de la ley de servición público de Pennsylvania, y el artículo 99 es el equivalente a la sección 39 de aquella ley, que lee como sigue:

''Sec. 39.—Any person, whether an officer, agent, or employe of any public service company or not, or any corporation, who shall knowingly fail, omit, neglect, or refuse to obey, observe, and comply with any final order, direction, or requirement of the commission, or with any final order or decree of the said Superior Court or of the Supreme Court; or who shall knowingly procure, aid, or abet any such violation, omission, failure, neglect, or refusal,—shall be guilty of a misdemeanor, and upon conviction thereof in any court of quarter session of competent jurisdiction shall be punished by a fine of not more than five hundred dollars, or by imprisonment in the county jail for not less than one month, nor more than twelve months, either or both, at the discretion of the court; and upon conviction of any subsequent offense shall be punished by a fine of not more than one thousand dollars, or by imprisonment in the county jail for not less than three months, nor more than eighteen months, either or both, at the discretion of the court.''

La cuestión para resolver sería si el artículo 99 es de aplicación a las simples violaciones de las reglas y reglamentos generales que dicta la Comisión en virtud de la autoridad que le concede el artículo 48 para redactar tales reglamentos. No creemos que ni por inferencia se podía llegar a una conclusión afirmativa. Como cualquier otro estatuto penal, está sujeto a una interpretación restrictiva y nadie

puede ser objeto de una penalidad a menos que exista una declaración expresa de la ley y no por implicación o interpretación de la misma.    Aunque nuestra legislatura resume el artículo 99 en su encabezamiento bajo el epígrafe de ''Pena por infracción de órdenes de la corte,'' no es ello una expresión equivocada del legislador, pues claramente se desprende del conjunto que su texto se contrae única y exclusivamente a desacato, pues convenimos con el fiscal que no otra cosa significa la desobediencia a órdenes finales, tanto de la Comisión como decretos de las cortes de distrito.

La autoridad de la Comisión para dictar órdenes con el carácter de finales se deriva del poder general administrativo que el Acta Orgánica y la Ley No. 70 de 1917 han investido a la Comisión de Servicio Público para inspeccionar y regular a todas las compañías de servicio público que operan en Puerto Rico.    La ley define las facultades de la Comisión y sus deberes, establece la práctica y el procedimiento ante la misma para la celebración de audiencias, de oficio o mediante querella, y ella por último dicta órdenes o resoluciones finales, las que deben notificarse a las partes afectadas en la forma que dispone el art. 74, diciendo:

''*Notificación de órdenes finales.*—Toda orden final de la Comisión se notificará a cada compañía de servicio público a la cual afectare, en la forma que ahora se dispone por la ley para citaciones de individuos o corporaciones.    La devolución de la orden diligenciada, se hará al secretario de la Comisión por la persona que notificare dicha orden, en la forma y manera que ahora se dispone por la ley para el diligenciamiento de citaciones; y copias certificadas de dicha orden se enviarán por correo certificado a todas las demás partes en el procedimiento en el cual se dictare o a sus respectivos abogados, pero el hecho de no haberse recibido dichas copias, por cualquiera de estas partes no impedirá que dicha orden sea definitiva y que rija en la fecha que en la misma se especifica.''
(1917 (2) p. 525.)

Esta disposición corresponde a la sección 13 de la ley de Pennsylvania y por sus términos en armonía con las demás disposiciones de la ley, una orden final puede definirse

como el resultado de una cuestión sometida a la consideración de la Comisión y que debe ser notificada en la manera provista a las partes afectadas por la misma, como si se tratara de la sentencia final de una corte. Y a esta clase de órdenes es a la que tiene alcance el artículo 99 en caso de su desobediencia. Se insiste, sin embargo, por el Attorney General que el artículo 99 es de aplicación a la violación de las reglas y reglamentos generales que dicta la Comisión y principalmente apoya su argumentación en el artículo 25 de la Ley No. 70 y en la regla XVI del reglamento aprobado por la Comisión en junio 30, 1925, alegando que esa regla establece una acción punitoria para cualquier porteador público que se negare a obedecer cualquier orden de la Comisión o infrinja las disposiciones del reglamento. Su argumentación en ese punto es como sigue:

"Asimismo el artículo 25 dice que siempre que la Comisión determinare que el servicio de cualquier compañía de servicio público es inseguro, inadecuado insuficiente o irrazonable, la Comisión determinará y especificará, mediante orden escrita, el servicio, facilidades, reglas, reglamentos o prácticas justos, razonables, seguros, adecuados y suficientes que deberán ser puestos en vigor por dicha compañía, y previa notificación, será el deber de toda compañía de servicio público, a la cual afectare dicha orden, obedecerla y observarla. A virtud de estos poderes, la Comisión promulgó un reglamento en 30 de junio de 1925, que derogaba el reglamento que existía con fecha anterior.

"En la regla 16 de este reglamento se establece una acción punitoria para cualquier porteador público, que sujeto a las disposiciones del reglamento, no lo cumpliere o se negare a obedecer y acatar cualquier orden de la Comisión, dictada por virtud de dicho reglamento, y se dispone, además, que cualquier persona, firma, sociedad o corporación que infrinja cualesquiera de las disposiciones del reglamento, será penado con lo dispuesto en el Artículo 95 de la Ley de Servicio Público, tal como quedó éste enmendado por la Ley No. 32 de 20 de junio de 1921. Este error de la Comisión de señalar el artículo 25 (sic) por el artículo 99 de la Ley, en nada perturba la facultad de la Comisión, para considerar cualquier violación al reglamento dictado por la Comisión, y hacer que el violador sea juzgado por una Corte de Distrito competente."

El artículo 25 indicado dice así:

"*Reglamentación de servicios, facilidades, reglas, reglamentos y prácticas.*—Siempre que la Comisión determinare, después de audiencias celebradas de oficio, o en virtud de querella, según más adelante se dispone, que el servicio, facilidades, reglas y reglamentos, prácticas o clasificaciones de cualquier compañía de servicio público en relación con sus deberes públicos son inseguros, inadecuados, insuficientes, injustos o irrazonables, la Comisión determinará y especificará en orden por escrito, que deberá dictarse y archivarse según se dispone más adelante, el servicio, facilidades, reglas, reglamentos o prácticas justas, razonables, seguros, adecuados y suficientes, que deberán ser puestos en vigor observados, prestados, o suministrados en el desempeño de sus deberes públicos por dicha compañía; y previa notificación, será el deber de toda compañía de servicio público, a la cual afectare dicha orden, observarla y obedecerla." (1917 (2) p. 485.)

Esta prescripción de la ley da precisamente la idea de lo que debe entenderse por una orden final siendo el resultado de una controversia ante la Comisión, bien a iniciativa de este organismo o en virtud de querella, que es materia distinta a las reglas y reglamentos generales que dicta la Comisión según así le autoriza el artículo 48 que dice así:

"*Reglas y Reglamentos—Reserva de Informes.*—La Comisión podrá dictar reglas y reglamentos no incongruentes con la ley, que fueren necesarios o propios para el ejercicio de sus facultades o para el desempeño de sus deberes; y siempre que la Comisión determinare que es necesario, en interés del público, podrá abstenerse de dar publicidad a los hechos o informes obtenidos durante el curso de cualquier investigación." (1917 (2) p. 511).

No existe nada en la ley definiendo las compañías de servicio público que declare expresamente que la violación de tales reglas o reglamentos generales constituye un *misdemeanor*. Si es ésta la clase de delito a que el Attorney General alude, sosteniendo que la regla XVI establece dicha acción punitoria por infracción de sus reglas generales, esto equivaldría a decir que la legislatura había delegado en la Comisión la facultad de determinar los actos u omisiones

que constituyen delito en relación con las compañías de servicio público, pero esa es una facultad que no puede delegarse por las legislaturas ni podía encontrarse ninguna autoridad que pudiera sostener una teoría parecida. Cuando un estatuto no prescribe que la infracción de reglamentos equivaldrá a un delito, los reglamentos mismos son ineficaces para crear tal delito. En todos los casos debe existir el mandato estatutorio para declarar que un acto equivale a un delito. 6 R.C.L. 182. Lo que hace la Comisión al dictar reglamentos generales es ejercitar una autorización delegada por la legislatura, bajo otro aspecto, para prescribir ciertos deberes sobre los cuales la ley puede actuar al imponer una pena y al realizar el objeto propuesto al poner en vigor la ley. Y la Comisión al poner en vigor el último Reglamento aprobado en junio 30, 1925, ha prescrito aquellos deberes en diversas reglas que no siendo inconsistentes con la ley sirven de norma a las compañías de servicio público a llenar sus fines y para que se le dé un efecto práctico a la ley. La Comisión, sin embargo, no podía originalmente declarar la penalidad si sus reglas fueren violadas, a menos de existir una declaración expresa en la ley en tal sentido. Este es el alcance que puede tener la regla XVI del reglamento, que dice:

"Cualquier porteador público, sujeto a las disposiciones de este reglamento, que no cumpliera o se negare a obedecer y acatar cualquier orden de la Comisión, dictada por virtud del presente reglamento, o cualquier persona, firma, sociedad o corporación que infringiere voluntariamente cualesquiera de sus disposiciones será denunciado de acuerdo con lo dispuesto en el Artículo 95 de la Ley de Servicio Público, tal como quedó enmendada por la Ley No. 32 de 20 de junio de 1921."

La regla cita el artículo 95 como la única penalidad que establece la ley para las infracciones del reglamento y aunque su fuerza, como materia penal, no la recibe directamente de tales reglamentos, es sí un dato solamente que demuestra que no fué un error de la Comisión al redactar su

último reglamento de junio 30, 1925, pareciendo más bien que así quiso aclarar la contradicción que aparecía del reglamento anterior de junio 3, 1924.

. Es posible que pueda inducir a error aquella parte del artículo 99 que dice: . . . . "o se negare a obedecer a observar y cumplir cualquier orden final, disposición o requisito de la Comisión" . . . . en sentido que la palabra "disposición" pueda significar las reglas generales que dicta la Comisión.

Sin embargo, como sostiene el fiscal, la traducción de "disposición" por "direction" del texto inglés es equivocada. El artículo en inglés tal como se ha tomado de la Ley de Pennsylvania emplea las palabras "refuse to obey, observe, and comply with any final order, direction, or requirement of the commission" . . . . y según el Diccionario de Bouvier, tomo 1, p. 868, la palabra "direction" · se define: "En otro sentido, es casi sinónima de instrucción."

De todos modos, si la intención de la legislatura hubiera sido establecer el delito de *misdemeanor* por la infracción de las reglas y reglamentos de la Comisión, expresamente lo hubiera decretado, en igual forma que lo ha establecido para las infracciones de las reglas y reglamentos de Sanidad.

*Por todo lo expuesto, no debe modificarse nuestra resolución de diciembre 11, 1925.*

El Juez Asociado Sr. Wolf no intervino en la vista de este caso.